1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKEY B. DELONEY,

11             Plaintiff,                No. CIV S-09-0073 DAD P

12        vs.

13   JOHN W. MENDENHALL,                 ORDER AND

14             Defendant.                FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff, currently confined at Solano County Jail, is proceeding pro se.  Plaintiff

17   seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma

18   pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate

19   judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20                        **SCREENING REQUIREMENT**

21        The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

                                    1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

1 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3 omits to perform an act which he is legally required to do that causes the deprivation of which

4 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5          Moreover, supervisory personnel are generally not liable under § 1983 for the

6 actions of their employees under a theory of respondeat superior and, therefore, when a named

7 defendant holds a supervisorial position, the causal link between him and the claimed

8 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

9 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

10 allegations concerning the involvement of official personnel in civil rights violations are not

11 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12          In the present case, plaintiff has named Deputy Public Defender John W.

13 Mendenhall as the defendant.  Plaintiff alleges that:

14          Mr. John W. Mendenhall feels he don't have to do anything with
           my case.  I have received more lie's than anything.  I've been
15          denied a bail reduction from him not a judge.  And many other
           thing.  Like misrepresentation and more.
16

17 (Compl. at 3.)  By way of relief, plaintiff requests $1 million in monetary damages.  Plaintiff also

18 requests that the court issue sanctions against Attorney Mendenhall.  (Id.)

19          Under § 1983, plaintiff has a right to be free from violations of constitutional

20 guarantees by those acting under color of state law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th

21 Cir. 1996).  However, Deputy Public Defender Mendenhall not a "state actor" for purposes of §

22 1983.  See Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public

23 defender is not a state actor); see also Briley v. State of California, 564 F.2d 849, 855 (9th Cir.

24 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of

25 state law for purposes of actions brought under the Civil Rights Act.").  Accordingly, the court

26 concludes that plaintiff's complaint should be dismissed for failure to state a cognizable claim.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 9, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
delo0073.56